# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD BURNS, | Civil Action |
| Petitioner, | No. 18-2447 (RBK) |
| v. | |
| STEVEN JOHNSON, et al., | OPINION |
| Respondents. | |

**KUGLER, District Judge:**

Petitioner Ronald Burns ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court will dismiss the § 2254 petition for lack of jurisdiction and deny a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgement of conviction entered in the Superior Court of New Jersey, Burlington County, on March 28, 2002, after a jury found him guilty of first-degree murder, second-degree possession of a weapon for an unlawful purpose, and third-degree hindering apprehension. (*See* ECF No. 1 at p. 35). At sentencing on June 14, 2002, Petitioner was sentenced to life in prison with thirty years of parole ineligibility on the murder conviction and a five-year consecutive sentence on the conviction for hindering apprehension. (*See id*).

On appeal, the Superior Court of New Jersey, Appellate Division, ruled that reversal was required in light of an issue raised *sua sponte* regarding the testimony of a witness. *See State v. Burns*, No. A-6273-01T4, 2006 WL 1275077, at *2 (N.J. Super. Ct. App. Div. May 11, 2006), *rev'd*, 192 N.J. 312 (2007). The Supreme Court of New Jersey granted the State's petition for

certification and, on July 26, 2007, reversed the decision of the Appellate Division and remanded the case to the superior court for reinstatement of Petitioner's judgment of conviction. *See State v. Burns*, 929 A.2d 1041, 1059 (N.J. 2007).

Petitioner subsequently filed a petition for post-conviction relief ("PCR") in August 2007. (*See* ECF No. 1 at p. 5). The PCR court denied the PCR petition on April 27, 2010. (*See id.* at p. 6). The Appellate Division affirmed that denial on June 4, 2012. *See State v. Burns*, No. A-1098-10T2, 2012 WL 1969934, at *1 (N.J. Super. Ct. App. Div. June 4, 2012). The New Jersey Supreme Court denied certification on November 30, 2012. *See State v. Burns*, 213 N.J. 396 (2012).

On March 22, 2013, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *See Burns v. Warren*, No. 13-1929, 2016 WL 1117946, at *10 (D.N.J. Mar. 22, 2016). On March 22, 2016, in a comprehensive opinion, this Court denied Petitioner's habeas petition on the merits. *See id.* at *1. Petitioner appealed, and on May 16, 2017, the United States Court of Appeals for the Third Circuit denied a certificate of appealability on the ground that jurists of reason would not debate this Court's conclusion regarding Petitioners claims. *See Burns v. Admin. New Jersey State Prison*, No. 16-1875, 2017 WL 4574445, at *1 (3d Cir. May 16, 2017). On July 27, 2017, the Third Circuit denied a petition for a panel rehearing. The Supreme Court denied Petitioner's writ for certiorari on January 8, 2018. *See Burns v. Johnson*, 138 S.Ct. 664 (2018).

While Petitioner's first habeas petition was pending, Petitioner filed a motion for a new trial in the Superior Court of New Jersey, Burlington County, which was denied on August 5, 2015. *See State v. Burns*, No. A-446-15T4, 2017 WL 1337501, at *1 (N.J. Super. Ct. App. Div. Apr. 12, 2017). On April 12, 2017, the Appellate Division affirmed the motion court's decision.

*See id.* On October 16, 2017, the New Jersey Supreme Court denied certification. *See State v. Burns*, 174 A.3d 516 (N.J. 2017).

Thereafter, on December 5, 2017, Petitioner filed an application for permission to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2244 in the Third Circuit. By Order dated January 23, 2018, the Third Circuit denied Petitioner's request, holding that:

> The application under 28 U.S.C. § 2244 to file a second or successive petition under 28 U.S.C. § 2254 is denied. Burns has not satisfied the requirements for obtaining authorization to file a second or successive § 2254 petition. He does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2) and (3). He cites *Satterfield v. DA Philadelphia*, 872 F.3d 152, 162 (3d Cir. 2017), but *Satterfield*, among other things, is a case from this Court, not the Supreme Court. He also discusses *Martinez v. Ryan*, 566 U.S. 1 (2012); however, *Martinez* did not announce a new rule of constitutional law. *See Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014); *Martinez*, 566 U.S. at 11 (noting that the Court's ruling was equitable). Furthermore, Burns cannot show that the facts underlying his claims would establish that no reasonable factfinder would have found him guilty. 28 U.S.C. § 2244(b)(2)(B)(ii).

*In re: Ronald Burns*, C.A. No. 17-3638 (3d Cir. Jan. 23, 2018). On February 21, 2018, Petitioner filed the instant § 2254 habeas petition in this Court raising the same arguments as in his application for permission to file a second or successive petition. (*See* ECF No. 1).

## II. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs a district court's adjudication of a second or successive § 2254 petition. Specifically, Title 28 U.S.C. § 2244(b)(2) requires that a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless the petitioner shows: (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2).

Before a second or successive petition may be filed in the district court, the petitioner must first move in the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The court of appeals may grant the motion and authorize the filing of a second or successive application only if it determines that the petition makes a prima facie showing that it satisfies either § 2244(b)(2)(A) or (B). *See* 28 U.S.C. § 2244(b)(3)(C). A district court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place"). Here, because the Third Circuit denied Petitioner permission to file a second or successive habeas petition, the instant Petition must be dismissed for lack of jurisdiction.

### III. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253. A certificate of appealability is a "jurisdictional prerequisite" to an appeal on the merits. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it

debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the Petition is a second or successive habeas petition and must be dismissed pursuant to the Order of the Third Circuit.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction. No certificate of appealability will issue. An appropriate order follows.

Dated: April 19, 2018

 s/Robert B. Kugler
ROBERT B. KUGLER
U.S. District Judge