UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD BURNS,

                Petitioner,

    v.

STEVEN JOHNSON, et al.,

                Respondents.

Civil Action
No. 18-2447 (RBK)

OPINION

**ROBERT B. KUGLER, U.S.D.J.**

    Before the Court is Petitioner's motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF Nos. 11, 12[1]). Petitioner requests that the Court reconsider its April 25, 2018, Opinion and Order dismissing his Petition for lack of jurisdiction as second or successive. (ECF Nos. 5, 6).

## I. BACKGROUND

    As Petitioner is intimately familiar with the facts of his case, and because the Court has already set forth the background of this case in an earlier Opinion, the Court will only set forth facts necessary to address the instant motion. Petitioner challenges a March 28, 2002, judgment of conviction from the Superior Court of New Jersey. (ECF No. 1, at 35).

    On appeal, the Superior Court of New Jersey, Appellate Division, *sua sponte* reversed in light of an issue regarding the testimony of a witness. *See State v. Burns*, No. A-6273-01T4, 2006 WL 1275077, at *2 (N.J. Super. Ct. App. Div. May 11, 2006), *rev'd*, 929 A.2d 1041 (N.J. 2007). The New Jersey Supreme Court granted the State's petition for certification and, on July 26, 2007,

---

[1] Docket Entry 11 and 12 appear to be the same document, except that Docket Entry 12 contains a certificate of service, minor stylistic changes, and a missing last page. Accordingly, the Court will address the submissions as one document.

reversed and remanded the case for reinstatement of Petitioner's judgment of conviction. *See State v. Burns*, 929 A.2d 1041, 1059 (N.J. 2007).

Petitioner then filed a petition for post-conviction relief ("PCR") in August of 2017 and received a denial at each level of review, the last of which on November 30, 2012, when the New Jersey Supreme Court denied certification. *See State v. Burns*, 64 A.3d 237 (2012).

On March 22, 2013, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 (hereinafter "First Petition"), and in a comprehensive Opinion, this Court denied the First Petition on the merits. *See Burns v. Warren*, No. 13-1929, 2016 WL 1117946 (D.N.J. Mar. 22, 2016). The Third Circuit denied a certificate of appealability on May 16, 2017, *Burns v. Adm'r New Jersey State Prison*, No. 16-1875, 2017 WL 4574445, at *1 (3d Cir. May 16, 2017), and the Supreme Court denied Petitioner's petition for writ of certiorari on January 8, 2018. *See Burns v. Johnson*, 138 S. Ct. 664 (2018).

While Petitioner's First Petition was pending, Petitioner filed a motion for a new trial in the Superior Court of New Jersey, received a denial on August 5, 2015, and on April 12, 2017, the Appellate Division affirmed. *See State v. Burns*, No. A-446-15T4, 2017 WL 1337501, at *1 (N.J. Super. Ct. App. Div. Apr. 12, 2017). The New Jersey Supreme Court denied certification on October 16, 2017. *See State v. Burns*, 174 A.3d 516 (N.J. 2017).

Thereafter, on December 5, 2017, Petitioner filed an application for permission to file a second or successive habeas corpus petition, and the Third Circuit denied his request. *In re: Ronald Burns*, C.A. No. 17-3638 (3d Cir. Jan. 23, 2018).

In February of 2018, Petitioner filed his latest § 2254 Petition (ECF No. 1 (hereinafter "Instant Petition")) raising the same arguments as those within his application for permission to file a second or successive petition. This Court dismissed the Instant Petition for lack of

jurisdiction as second or successive. (ECF Nos. 5, 6). Petitioner then filed the instant motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e), requesting that the Court allow him to amend the Instant Petition, in an attempt to cure its second or successive nature.

## II. STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions under Federal Rule of Civil Procedure 59(e) and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high" and courts should "only sparingly" grant reconsideration. *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

## III. DISCUSSION

After reviewing Petitioner's submission, the Court will deny his motion to amend judgment. In its earlier Opinion, this Court observed that a district court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the appropriate court of appeals. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Because the Third Circuit denied Petitioner permission to file a second or successive petition, this Court dismissed the Instant Petition for lack of jurisdiction. (ECF No. 5, at 4).

In the instant motion, Petitioner seeks to replace one page of the Instant Petition, Page 33, which asked Petitioner to explain the timeliness[2] of his submission. Petitioner appears to rely on two separate arguments to contend that the substituted language cures this Court's lack of jurisdiction.

First, Petitioner maintains that by removing any reference[3] to the second or successive motion statute, that this Court should no longer characterize the Instant Petition as second or successive, and that he would "not need authorization from the [Third Circuit]." (ECF No. 12, at 4). Petitioner is incorrect. As a general matter, regardless of how he characterizes the Instant Petition, so long as it challenges the same judgment of conviction as his First Petition, the Instant Petition will be "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 333 (2010).

Petitioner erroneously relies on *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), in which the Supreme Court held that "a habeas petition which is filed after an initial petition was dismissed *without adjudication on the merits* for failure to exhaust state remedies is not a 'second or successive' petition." (emphasis added). In the present case, however, this Court adjudicated Petitioner's First Petition on the merits, and not on procedural grounds. *Burns*, 2016 WL 1117946. Accordingly, the Court declines to grant Petitioner's motion to amend judgment on this ground.

Next, Petitioner relies on *Jimenez v. Quarteen*, 555 U.S. 113 (2009), for the proposition that his filing of a motion for a new trial, and subsequent denials thereof on appeal,[4] "revived" his

---

[2] Petitioner intermixes timeliness arguments throughout his motion, reflecting a misunderstanding of the Court's earlier Opinion. Whether the Instant Petition was timely had no impact on whether the Court had to dismiss it for lack of jurisdiction as second or successive.

[3] The Instant Petition originally contained language alleging that it satisfied the requirements of 28 U.S.C. § 2244(b)(2)(B) for the Court to consider a second or successive petition.

[4] As discussed above, while Petitioner's First Petition was pending, Petitioner filed a motion for a new trial in the Superior Court of New Jersey and then received a denial at each level of review.

ability to file a first petition. (ECF No. 12, at 8). In the limitations context, the Supreme Court held in *Jimenez* that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, *but before the defendant has first sought federal habeas relief*, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez*, 555 U.S. at 121 (emphasis added).

Consequently, even if *Jimenez* applied in the second or successive context, and to motions for a new trial, the Supreme Court explicitly excluded the situation, in which "a petitioner had already sought and obtained federal habeas review prior to the resolution of his out-of-time appeal." *E.g.*, *Windsor v. Tanner*, No. 16-2709, 2017 WL 9512462, at *7 (E.D. La. Aug. 23, 2017), *report and recommendation adopted*, 2018 WL 2717765 (June 6, 2018); *Thompson v. United States*, 2010 WL 3782028, at *3 (E.D. Tex. Aug. 23, 2010), *report and recommendation adopted*, 2010 WL 3782019 (Sept. 20, 2010). As discussed above, Petitioner had already filed his First Petition on March 22, 2013, and this Court decided that petition *on the merits*, before the State courts considered Petitioner's motion for a new trial and appeals thereof.

In turn, to the extent that Petitioner argues that the filing, appeals, and denials of his motion for a new trial "somehow ripened his claims and cured the second or successive nature of . . . [the Instant Petition], he is incorrect." *Windsor*, 2017 WL 9512462, at *7.

Accordingly, the Court will deny Petitioner's motion to amend judgment as Petitioner has failed to show: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion to amend judgment (ECF Nos. 11, 12). An appropriate order follows.


Dated: May  23,  2019                     s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge